IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| v. | § | Criminal Action No. **3:13-CR-128-L** |
| | § | |
| **STERIC PAUL MITCHELL (1)** | § | |
| **GREGORY STEVEN HUNT (2)** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Steric Paul Mitchell's ("Mitchell") Motion for Severance of the Parties (Doc. 68), filed May 15, 2014. After careful consideration of the motion, response, reply, record, and applicable law, the court **grants** the Motion for Severance of the Parties.

**I.     Background**

On April 10, 2013, Mitchell and co-defendant Gregory Steven Hunt ("Hunt") (collectively "Defendants") were named in a four-count indictment ("Indictment") charging them with (1) Conspiracy to Commit Kidnapping, in violation of 18 U.S.C. § 1201(a); (2) Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (2); and (3) Kidnapping, in violation of 18 U.S.C. §§ 1201(a)(1) and (2). Mitchell was also charged in Count 4 with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922 (g)(1) and 924(e)(1).

On September 26, 2013, the court granted Mitchell's Motion to Sever Count Four of the Indictment. Mitchell now seeks to sever his trial from that of Codefendant Hunt. He contends that Hunt gave the Duncanville police an "extrajudicial confession that directly implicates Mr. Mitchell in the crimes charged." Def.'s Mot. for Severance 1. Mitchell argues that his constitutionally

guaranteed right of confrontation would be violated if the government used Hunt's extrajudicial confession at trial since Hunt will most likely not testify. The government contests Mitchell's motion and contends that there is a chance Hunt will testify or plead guilty. Further, the government argues that if Hunt decides not to testify, severance is still not appropriate and the government would redact Hunt's confession to eliminate Mitchell's name and any other reference to his existence.

**II.     Analysis**

In conspiracy cases, the general rule is that persons indicted together should be tried together. *United States v. Fields*, 72 F.3d 1200, 1215 (5th Cir. 1996). Federal Rule of Criminal Procedure 14(a), however, states, "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Owens*, 683 F.3d 93, 98 (5th Cir. 2012) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

Mitchell is concerned that the government will offer the extrajudicial confession given by Hunt to the Duncanville Police Department. Mitchell contends that this confession implicates him in the crimes charged. The United States Supreme Court held that a defendant is deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial. *See Bruton v. United States*, 391 U.S. 123 (1968); *see also Richardson v. Marsh*, 481 U.S. 200, 201-02 (1987). This is the same situation that the court faces today. Allowing the government to offer Hunt's confession in a joint trial would

violate the Confrontation Clause, as Hunt would most likely not take the stand in his own trial and would therefore not be available for cross examination. The court will not allow this.

The government argues that severance is not the appropriate remedy, since there is a chance that Hunt will not testify or that he will plead guilty. The court is not willing to take that chance. The court will not set a joint trial date, use limited judicial resources to prepare for trial, select a jury, and then subsequently discover that Hunt has decided not to testify or has decided to plead guilty.

The government also contends that the Confrontation Clause will not be violated if the government pursues one of the following options: (1) provides a redacted version of Hunt's confession; (2) offers the testimony of the detective who took Hunt's statement and instructed the detective to only discuss Hunt's admissions about his own conduct; or (3) uses a transcript of the interview omitting all references to Mitchell. The government cites *Richardson v. Marsh*, which holds that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." 481 U.S. 200, 211 (1987). This case is different from *Richardson*, however, as the acts of Hunt and Mitchell are inextricably intertwined. Therefore, it would be extremely difficult, if not impossible, for Hunt to discuss his involvement without making any reference to Mitchell's existence. As the Court notes, "*Richardson*'s inferences involved statements that did not refer directly to the defendant himself and which became incriminating 'only when linked with evidence introduced later in trial.'" *Gray v. Maryland*, 523 U.S. 185, 196 (1998). In this case, Hunt would be forced to refer directly to Mitchell in his discussions of the events that transpired on May 6, 2012, since Mitchell is considered to be the lead man throughout the alleged conspiracy. Therefore, redacting any reference to Mitchell

**Memorandum Opinion and Order - Page 3**

would not avoid violations of the Confrontation Clause, and failure to sever the parties would unduly prejudice Mitchell, as his right to confront and cross examine Hunt would be violated.

**III.    Conclusion**

Accordingly, the court **determines** that this case falls within *Bruton*'s protective rule and that justice requires the trials of Mitchell and Hunt to be severed. The court recognizes that it is more efficient in terms of costs and time to hold only one trial; however, these objectives must yield when justice otherwise requires. Based on what the court knows at this juncture, justice mandates a separate trial. The court also concludes that the alternatives offered by the government fail to cure the undue prejudice that would inure to Mitchell. There is a serious risk that a joint trial will compromise Mitchell's right to confront the witness (Hunt) against him if Hunt's confession is offered during a joint trial, as Hunt most likely will not take the stand.[*] For these reasons, the court **grants** Defendant's Motion to Sever the Parties and will try the cases separately, unless the government provides assurance to the court that Hunt's confession will not be used at trial.

**It is so ordered** this 4th day of June, 2014.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[*] Of course, if Hunt pleads guilty prior to trial, he would be subject to cross examination and the issue of severance becomes moot. If the government wants only one trial, this desire can be accommodated by the court, provided the government assures the court that the confession by Hunt will not be used at trial.

**Memorandum Opinion and Order - Page 4**